Tom McAvity, 034403
Phoenix Fresh Start Bankruptcy
4602 E Thomas Rd, Ste S-9
Phoenix, AZ 85018
Phone: 602-598-5075
Fax: 866-241-4176
Email: tom@phxfreshstart.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>RYAN ROSARIO,<br><br>Debtor | Chapter: 13<br><br>Case No. 2:23-bk-03823-EPB<br><br>MOTION TO CONTINUE THE SECTION 362(a) STAY PURSUANT TO SECTION 362(c)(3) |

Debtor Ryan Rosario ("Debtor") hereby moves the Court, pursuant to 11 USC §362(c)(3)(B), to continue the automatic stay in his bankruptcy as to all creditors. This Motion is supported by the following:

BACKGROUND

1. Debtor filed for protection under Chapter 13 of the United States Bankruptcy Code on June 8, 2023. Edward J. Maney was appointed as the Chapter 13 Trustee.
2. Prior to Debtor's current Chapter 13 bankruptcy filing, Debtor had filed for protection under Chapter 13 of the United States Bankruptcy Code on July 24, 2022 in Phoenix, Arizona. The Debtor's prior Chapter 13 bankruptcy was dismissed by order of the Court entered on May 24, 2023 for failing to cure payment default.
3. In the Debtor's prior Chapter 13, Debtor fell behind on plan payments due to a change in his employment.
4. At the time of his prior filing, Debtor's had an annualized income approximately $65,000. Subsequent to filing his case, Debtor had a dispute with his prior employer based on a shortage in his pay. After his employer refused to pay him the full amount he was entitled to, he was forced to resign.

5. Shortly thereafter, Debtor found new employment, but through February 2023, he was not given sufficient hours at work to maintain his household expenses and pay his Chapter 13 payment.
6. Debtor has now proven himself at his new job, and for the last few months, his income is annualizing at approximately $80,000.
7. Based on Debtor's substantial increase in income, there is a substantial change in circumstances with every reason to believe that Debtor will be able to complete his obligations in the present case.

## DISCUSSION

8. The Automatic Stay of 11 USC §362 terminates on the 30th day after a petition is filed if a debtor had a prior petition pending in the preceding year and that bankruptcy was dismissed. 11 USC §362(c)(3)(A). On a motion of a party in interest for a continuation of the automatic stay, the Court may extend the stay in particular cases as to all or any creditors after notice and a hearing completed before the expiration of the 30 day period if the party in interest demonstrates that the filing of the later case is in good faith as to creditors to be stayed. 11 USC §362(c)(3)(B). A case is presumptively filed not in good faith if a previous case under 7, 11 or 13 was dismissed within a one year period prior to the debtor's subsequent bankruptcy filing because the debtor failed to file or amend the petition or other documents as required by the bankruptcy code or the court, provide adequate protection as ordered by the court, or perform the terms of a confirmed plan, or where there is no substantial change in the debtor's affairs and there is no other reason to believe the case will result in a fully performed Chapter 13 Plan. 11 USC §362(c)(3)(C) (I, II); In re *Elliott-Cook*, 357 BR 811, 814 (N.D. Chapter 13 Plan. 11 USC §362(c)(3)(C)
9. The Debtor bears the burden of proof as to the elements necessary to establish good faith. In re *Elliot-Cook* 357 BR at 814. Where there is no presumption of bad faith and no party objects, a request to extend the stay should be liberally granted. Id. The Court looks to the totality of the circumstances to determine whether the Debtor has established the good faith required by 11 USC §362(c)(3). Id.

10. In this case, the Debtor's prior Chapter 13 bankruptcy case was dismissed because Debtor was unable to maintain his payments due to a decrease in income. Debtor has had only one case pending within the preceding year.

11. In this case, Debtor's income is substantially higher than in his prior case, his job is stable, and his is able to afford his new proposed plan payment and living expenses. Debtor has proposed a feasible plan and there is every reason to believe this case will result in a fully completed Chapter 13 Plan.

CONCLUSION

For the foregoing reasons, Debtor requests the Court to enter an Order extending the Automatic Stay of 11 USC §362 as to all creditors for the term of his Chapter 13 bankruptcy. Debtor requests the Court to rule on this matter on an expedited basis in light of the fact that the 30-day period for the automatic stay will expire on July 8, 2023.

Dated: June 13, 2023

Respectfully submitted:

/s/ Tom McAvity
Tom McAvity, 034403
Phoenix Fresh Start Bankruptcy
4602 E Thomas Rd, Ste S-9
Phoenix, AZ 85018
Phone: 602-598-5075

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing was submitted on June 13, 2023 in the United States Bankruptcy Court for filing and transmittal of notice of electronic filing to the United States Trustee, the Chapter 13 Trustee and the ECF registrants appearing in this case.

By: /s/Tom McAvity